UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DEBOARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUNTER 3 SQUARE PROPERTIES, LLC, ) <br> WDG CONSTRUCTION AND DEVELOPMENT ) <br> SERVICES, INC., ) <br> 14TH STREET PARTNERS, LLC, ) <br> TABOR/BRUCE ARCHITECTURE & DESIGN, ) <br> INC., ) <br> ) <br> Defendants. ) | No. 1:22-cv-02004-MPB-KMB |

**ORDER DENYING PLAINTIFF'S AMENDED MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Presently pending before the Court is Plaintiff David DeBoard's Amended Motion for Leave to File Second Amended Complaint. [Dkt. 58.] Mr. DeBoard moves for leave to file a Second Amended Complaint "to clarify that Plaintiff suffered injuries independent of the Defendants' failure to design and construct the Property to meet the minimum accessibility requirements of the [Fair Housing Act ("FHA")] and that Plaintiff was offered a unit to rent." [*Id.* at 4.] Mr. DeBoard claims that at a status conference on August 14, 2023, "the filing of a further amended complaint was discussed and the Court allowed until August 18, 2023 for Plaintiff to file such." [*Id.* at 2.] Mr. DeBoard filed the pending motion on August 21, 2023, and contends that granting the motion for leave to amend would not disrupt the other case management deadlines. [*Id.* at 4-5.] He acknowledges that the Defendants object to the relief he seeks. [*Id.* at 5.]

Defendants oppose Mr. DeBoard's motion because they believe it comes more than six months after the Court's previously established deadline for parties to file any motions to amend

1

the pleadings. [Dkt. 59 at 1-2 (referencing dkt. 26 at 3 (setting deadline to move for leave to amend pleadings as on or before February 24, 2023)).] According to the Defendants:

> Plaintiff raised the possibility of filing a motion for leave to amend the complaint at the August 14, 2023 Teleconference and 14th Street and WDG Defendants indicated their objection to such a motion. The Court indicated that it would take up the issue if and when DeBoard sought leave to amend the Complaint and did not set a deadline for DeBoard to file such a motion as the deadline to seek leave to amend the pleadings has long passed.

[Dkt. 59 at 3-4 (citing dkt. 56).] Defendants assert that Mr. DeBoard has not established good cause why the factual assertions and claim for personal injury could not have been made at the time his original complaint was filed in October 2022, when his First Amended Complaint was filed in December 2022, or by the deadline to amend the pleadings in February 2023. [Dkt. 59 at 3.]

In reply, Mr. DeBoard ignores that his motion for leave to amend was submitted after the deadline the Court previously set forth to do so—either by a few days if you believe his representations about the August 14, 2023 status conference or by six months if you look at the case management plan. [Dkt. 61.] He also ignores that in their response brief, Defendants challenge his representations that the deadline was allegedly extended by six months at the conference. [*Id.*] Instead, Mr. DeBoard contends that he should be given leave because "there is some uncertainty in the law concerning the degree of pleading specificity required for standing." [*Id.* at 1-2.] Mr. DeBoard claims that a delay in moving for an amendment is an insufficient reason to deny a motion to amend and that the Defendants will not be prejudiced by the amendment. [*Id.* at 2.]

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2). In cases where that subsection of the rule applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

2

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, when a party seeks leave to amend a pleading after the deadline to do so established by the applicable case management plan has passed, a "heightened good-cause standard" from Rule 16(b)(4) applies before the court considers whether the requirements of Rule 15(a)(2) are satisfied.  *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted).  The heightened good cause standard articulated in Rule 16 primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established.  *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted).  The movant bears the burden to establish its diligence under Rule 16.  *Id.*

The applicable Case Management Plan sets forth a deadline for any Party in this case to move for leave to amend pleadings "on or before February 24, 2023." [Dkt. 26 at 3.]  Mr. DeBoard claims that at a status conference on August 14, 2023, "the filing of a further amended complaint was discussed and the Court allowed until August 18, 2023 for Plaintiff to file such." [Dkt. 58 at 2.]  That is neither the recollection of the Defendants, [dkt. 59 at 3-4], nor the independent recollection of the undersigned Magistrate Judge who conducted that conference.  The Minute Entry from that conference supports this recollection because it does not extend the deadline at issue.[1]  [Dkt. 56.]

As the docket reflects, the deadline to move for leave to amend pleadings in this case was February 24, 2023.  [Dkt. 26 at 3.]  Mr. DeBoard did not move for leave to amend until August 21, 2023, which is almost six months after the established deadline had passed.  [Dkt. 58.]  Because he is moving for leave to amend after the deadline to do so, the Court must apply the "heightened

---

[1] If there is ever a material omission or error in a Minute Entry, a Party may always file a motion to amend or correct that entry, which Mr. DeBoard did not do here.

3

good-cause standard" from Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) are satisfied. *Adams*, 742 F.3d at 734. The good cause standard articulated in Rule 16 primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established, and the movant bears the burden to establish its diligence under Rule 16. *Trustmark*, 424 F.3d at 553.

The Court concludes that Mr. DeBoard has failed to meet his burden to establish the necessary diligence under Rule 16 to meet the heightened good cause standard to amend under these circumstances. His pending motion does not attempt to show diligence in seeking amendment because Mr. DeBoard ignores that his motion is almost six months past the deadline. Instead, Mr. DeBoard relies on "some uncertainty" in the law concerning the degree of pleading specificity required for standing and asserts that granting his pending motion will not impact the other case management deadlines. [Dkt. 61.] Given that the dispositive motions deadline is less than one month away, the Court disagrees that granting Mr. DeBoard leave to file an amended complaint will not impact other case management deadlines. Moreover, Mr. DeBoard has previously been granted leave to amend his complaint in this case, [dkt. 28], and he does not argue why he could not have made the changes he now seeks when he previously amended or moved for leave again ahead of the deadline the Court established. Because Mr. DeBoard has not met his burden under Rule 16, the Court must deny his motion and need not consider whether the requirements of Rule 15(a)(2) are satisfied. *Ice v. Gibson Cnty. Comm'rs*, 2019 WL 5304106, at *6 (S.D. Ind. Oct. 21, 2019) ("Given the Rule 16 standard has not been met, the undersigned need not consider whether the Rule 15(a) standard would be met.").

For the reasons set forth herein, the Court **DENIES** Mr. DeBoard's Amended Motion for Leave to File Second Amended Complaint. [Dkt. 58.]

**IT IS SO ORDERED.**

Date: 9/22/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Eric G. Calhoun
CALHOUN & ASSOCIATES
eric@ecalhounlaw.com

Ryan Matthew Heeb
Bunger Robertson
rheeb@lawbr.com

Logan C. Hughes
Reminger Co. LPA - Cleveland
lhughes@reminger.com

William Earl Kelley, Jr.
DREWRY SIMMONS VORNEHM, LLP (Carmel)
wkelley@dsvlaw.com

Evan M Norris
Drewry Simmons Vornehm LLP
enorris@dsvlaw.com

John W. Richards
BUNGER & ROBERTSON
jwr@lawbr.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com